

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

## No. 07-14-00360-CR

_____

## SHELLY BLAIR, APPELLANT

## V.

## THE STATE OF TEXAS, APPELLEE

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court No. 2014-401,146; Honorable William R. Eichman II, Presiding

June 5, 2015

# SHOW CAUSE ORDER

## Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant, Shelly Blair, was convicted by a jury of aggravated assault against a public servant[1] with an affirmative finding on use of a deadly weapon. The trial court assessed punishment at fifty years confinement and Appellant perfected this appeal. Both the clerk's record and reporter's record have been filed. Appellant's brief was due

---

[1] TEX. PENAL CODE ANN. § 22.02(b)(2)(B) (West 2011). Aggravated assault is a second degree felony that is elevated to a first degree felony when committed against a person the actor knows is a public servant while the public servant is lawfully discharging an official duty. *Id.*

to be filed on March 2, 2015, but has yet to be filed. By letter dated March 10, 2015, retained counsel for appellant, Jesse Mendez,[2] was advised that the brief remained outstanding and was granted until March 20, 2015, in which to file the brief, noting that failure to comply would result in abatement of the appeal and remand of the cause to the trial court for further proceedings without further notice.

When counsel failed to respond, on April 1, 2015, an *Order of Abatement and Remand* was issued directing the trial court to inquire on counsel's failure to file a brief. Because Appellant's brief was already past due when the matter was abated, the order provided that "should Jesse Mendez be allowed to remain as counsel, he is hereby ordered to file Appellant's brief instanter."

In its findings filed in a supplemental clerk's record, the trial court found that "due to confusion or error not attributed to Appellant or her counsel, counsel did not receive the reporter's record until April 24, 2015." Rather than order the brief be filed "instanter" as directed by this court, the trial court *sua sponte* granted Mr. Mendez thirty days from April 24, 2015, in which to file Appellant's brief. On May 26, 2015, Mr. Mendez filed a *Motion to Extend Time to File Appellant's Brief* requesting until May 30, 2015. As grounds for the motion, Mr. Mendez provided:

> Appellant's Counsel has not completed the final draft of the brief but expects to complete it by Friday [sic], May 30, 2015. Counsel had to be out of his office from May 18 until May 26, 2015 and was unavailable to complete the brief. Accordingly, Appellant requests the Court grant this motion and extend time to May 30, 2015.

---

[2] Appellant was represented by court-appointed counsel. By order dated February 13, 2015, the trial court granted Appellant's motion to substitute Mr. Mendez as retained counsel.

May 30, 2015 fell on a Saturday. The extension motion was not ruled upon and the requested deadline has now lapsed without Appellant's brief being filed and without any communication from Mr. Mendez regarding the status of the motion or this appeal.

Accordingly, we hereby ORDER Jesse Mendez, State Bar Number 13932590, to file Appellant's brief in this cause, in accordance with Rule 38.1 of the Texas Rules of Appellate Procedure, on or before June 8, 2015. Pursuant to Rule 9.2(c)(4) of the Texas Rules of Appellate Procedure, a brief will be considered timely filed if it is electronically filed at any time prior to midnight, Central Standard Time, on said date. No motions for extension of time will be considered.

Irrespective of whether counsel timely files Appellant's brief, counsel is ORDERED to personally appear before this court on Wednesday, June 10, 2015, at 9:00 a.m., to show cause why this court should not initiate contempt proceedings in accordance with section 21.002 of the Texas Government Code for disobedience of an order of this court or why this court should not report his conduct to the Office of the Chief Disciplinary Counsel of the State Bar of Texas for proceedings under the Texas Disciplinary Rules of Professional Conduct.

It is so ordered.

Per Curiam

Do not publish.